UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSE R. HERNANDEZ CACERES, *et al.*,

Plaintiffs,

v.

SONNY-N-SON'S PAINTING, LLC, *et al.*,

Defendants.

Civil No. 1:18-cv-01427-MSN

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on plaintiffs Jose R. Hernandez Caceres' ("Caceres") and Manuel A. Casco Sanchez's ("Sanchez") (collectively, "plaintiffs") Supplemental Motion for Re-Entry of Default Judgment (Dkt. No. 30). Having reviewed the record and the pleadings, the Court will grant plaintiffs' motion for the reasons that follow.

**I. Procedural Background**

On November 19, 2018, plaintiffs filed a Complaint against defendants Sonny-N-Son's Painting, LLC ("Sonny-N-Son's") and William T. Cogswell ("Cogswell") (collectively, "defendants") alleging violations under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, for failure to pay overtime wages for plaintiffs and under Va. Code § 65.2-308 for wrongful termination of Caceres. Plaintiffs seek to recover unpaid overtime wages, liquidated damages, and reasonable attorney's fees and costs for the FLSA violations. Caceres also seeks damages arising from the wrongful termination. On November 21, 2018, defendants were properly served the Summons and Complaint (Dkt. Nos. 3 and 4). Under Fed.

R. Civ. P. 12(a), a responsive pleading was due twenty-one days later on December 12, 2018; however, defendants failed to file a responsive pleading in a timely manner.

Pursuant to a Court Order (Dkt. No. 5), plaintiffs filed an Application for Entry of Default Against Defendant (Dkt. No. 6) on December 20, 2018. The following day, defendants filed a Motion for Leave to File Answer Out of Time (Dkt. No. 7), including their proposed Answer to Complaint (Dkt. No. 7-1), which the Court granted on December 26, 2018 (Dkt. No. 8). Subsequently, on March 13, 2019, the Court issued a Scheduling Order (Dkt. No. 11) and the parties timely filed a Joint Discovery Plan on March 20, 2019 (Dkt. No. 12), which the Court entered on March 29, 2019 (Dkt. No. 15).

On May 7, 2019, plaintiffs filed a Motion to Compel Discovery (Dkt. No. 16) seeking responses to their discovery requests. Defendants failed to file an opposition to plaintiffs' motion. The parties were ordered to appear before the Court on May 31, 2019 for a hearing on plaintiffs' motion (Dkt. No. 18). On that date, plaintiffs appeared but neither defendants nor their counsel appeared. Accordingly, the Court granted plaintiffs' motion to compel and stated that "[i]f defendants fail to comply with [the Court's] Order, they are hereby placed on notice that sanctions may be warranted, including entry of default" (Dkt. No. 22).

On June 11, 2019, plaintiffs filed a Motion for Re-Entry of Default (Dkt. No. 23) because "other than filing a late answer, [defendants] have failed to participate in this lawsuit." *Id.* at 2. On July 25, 2019, the Court granted plaintiffs' motion and required plaintiffs to file a supplemental motion for re-entry of default with affidavits and declarations within fourteen days of the date of the Order (Dkt. No. 29). Accordingly, on July 29, 2019, plaintiffs filed a Supplemental Motion for Re-Entry of Default Judgment (Dkt. No. 30), including declarations from each plaintiff (Dkt. No. 30-1) and an affidavit for attorney's fees and costs (Dkt. No. 30-2),

and noticed a hearing on their motion for August 16, 2019 (Dkt. No. 31). On August 16, 2019, plaintiffs appeared but neither defendants nor their counsel appeared (Dkt. No. 32).

## II. Factual Background

Plaintiffs are residents of Virginia, who worked as non-exempt employees for defendants' painting and home improvement business. Compl. (Dkt. No. 1) ¶¶ 1, 4-5. Sonny-N-Son's is a limited liability company formed under Virginia law with its principal place of business at the home of Cogswell, located at 612 York Lane, Leesburg, V.A. 20175. *Id.* at ¶ 2. Cogswell is the owner and principal person who exerts control over Sonny-N-Son's and is a resident of Loudon County. *Id.* at ¶ 3. At all relevant times, defendants generated gross revenues exceeding $500,000.00 and qualified as an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r), *id.* at ¶ 6, and plaintiffs were individual employees who engaged in interstate commerce as set forth under 29 U.S.C. §§ 206-07, *id.* at ¶ 7.

In July 2007, defendants hired Caceres to work as a painter and carpenter for their business. *Id.* at ¶ 9. Caceres would load paints and supplies ordered by defendants into their van and drive to various worksites as directed by defendants. *Id.* On average, Caceres worked 70 hours a week and was paid $16.00 per hour. *Id.* On September 20, 2018, he was injured on the job. *Id.* Cogswell thereafter terminated Caceres "because [they] did not have workers compensation insurance and would not be paying any of the medical bills associated with his claim." *Id.* On October 12, 2018, Caceres filed a workers' compensation claim, No. VA02000031285. *Id.* Accordingly, he is owed overtime premiums of approximately $240.00 for each week he worked for defendants (30 hours x $16.00 x .5). *Id.* Caceres alleges that he worked for defendants for 572 weeks, totaling to $137,280.00 owed in overtime wages. *Id.* He also alleges he is owed for his last eight days of work, for which he was not paid, of approximately

3

$1,280.00 (10 hours x 8 days x $16.00). In sum, Caceres asserts that he is owed overtime wages in the amount of $137,280.00 plus regular wages in the amount of $1,280.00, totaling to $138,5600.00. *Id.*

In June 2016, defendants hired Sanchez to also work as a painter and carpenter for their business. *Id.* at ¶ 10. Similarly, on average, Sanchez worked 70 hours a week and was paid $16.00 per hour. *Id.* On September 11, 2018, he quit his job. *Id.* He worked, on average, 70 hours a week and paid $16.00 per hour. *Id.* He was paid in the form of checks and cash "in order to avoid detection of his unpaid overtime wages." *Id.* Accordingly, Sanchez alleges that he is owed overtime premiums of approximately $240.00 for each week he worked for defendants (30 hours x $16.00 x .5). *Id.* He further alleges he worked for defendants for 60 weeks, totaling to $14,400.00 owed in overtime wages. *Id.*

Accordingly, plaintiffs brought the instant action against defendants on November 19, 2018. Count I alleges a violation under the FLSA for unpaid overtime wages and seeks unpaid overtime wages, liquidated damages, pre- and post-judgment interest, reasonable attorney's fees and costs, among other relief. *Id.* at ¶¶ 13-46. Count II alleges wrongful termination of Caceres in violation of Va. Code § 65.2-308, which prevents an employee from being discharged in retaliation for filing a worker's compensation claim. *Id.* at ¶¶ 47-55. For this count, Caceres seeks monetary compensation—including back- and front-pay, salary, and other job-related benefits—as well as damages for emotional distress; punitive damages; and attorney's fees and costs, among other relief. *Id.* at pgs. 10-11.

### III. Jurisdiction, Venue, and Service of Process

A court must have both subject matter and personal jurisdiction over a defaulting defendant before it can render a default judgment. The Court has subject matter jurisdiction

under 28 U.S.C. § 1331 because the instant action alleges violations of federal law, the FLSA. The Court also has subject-matter jurisdiction over plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 because the claim is part of the same case and controversy as the FLSA claim. This Court also has personal jurisdiction of defendants because Sonny-N-Son's is a Virginia limited liability company and Cogswell is a resident of Virginia. Venue is likewise proper under 28 U.S.C. § 1391(b)(1) because defendants reside within this judicial district.

Additionally, both defendants were properly served. Sonny-N-Son's was served through a registered agent on November 21, 2018 (Dkt. No. 3). Cogswell was served by posting the documents to the front door of his home (Dkt. No. 4). Although defendants answered the Complaint (Dkt. No. 7), they otherwise failed to defend this action.

**IV.     Standard**

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL

1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)).

Although well-pleaded factual allegations are accepted as true for default of judgment purposes, a party who defaults does not admit the allegations in the claim as to the amount of damages. *South Bank & Trust Co. v. Pride Grp. LLC*, 2015 U.S. Dist. LEXIS 10554, at *10 (E.D. Va. Jan. 28, 2015) (citing Fed. R. Civ. P. 8(b)(6)). Once a court concludes that liability is established, it must then independently calculate the appropriate amount of damages by either conducting a formal evidentiary hearing under Fed. R. Civ. P. 55(b)(2) or reviewing affidavits or documents attached to plaintiff's motion. *Id.* at *10-11 (citing *Anderson v. Found. for Advancement*, 155 F.3d 500, 507 (4th Cir. 1998)).

Here, although defendants responded to the Complaint, they have otherwise failed to defend this action. Accordingly, the Court finds the well-pleaded allegations of fact contained in the Complaint deemed to be admitted, but not with respect to damages.

**V. Analysis**

Having examined the record, the undersigned finds that the well-pleaded allegations of fact in the Complaint (Dkt. No. 1), supported by plaintiff's Supplemental Motion for Re-Entry of Default Judgment (Dkt. No. 30) and accompanying documents, establish that defendants violated the FLSA by failing to pay plaintiffs overtime wages and violated Va. Code § 65.2-308 by retaliating against Caceres for having filed a worker's compensation claim. Accordingly, the Court finds that judgment should be entered in plaintiffs' favor as set forth below.

**a. Violation of the FLSA Overtime Wage Provision**

At the outset, plaintiffs were employees and defendants were employers pursuant to the FLSA. The FLSA defines the term "employee" as "any individual employed by an employer."

6

*See* 29 U.S.C. § 203(e)(1). Based on plaintiffs' declarations, defendants hired them as employees to work as painters and carpenters for their business. *See* Ex. 1 (Dkt. No. 30-1) 1-3. Additionally, the FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. § 203(d). Under this expansive definition, individual defendants can also be held liable as employers under the FLSA. *See Brock v. Hamad*, 867 F.2d 804, 808 n. 6 (4th Cir. 1989); *see also See Zegarra v. Marco Polo, Inc.*, No. 1:08cv891, 2009 U.S. Dist. LEXIS 3845, at *5-6 (E.D. Va. Jan. 21, 2009) (finding, under the majority rule, an individual corporate officer may be subject to liability in his individual capacity if he acts as a supervisor with sufficient control over the conditions and terms of the plaintiff's employment). Accordingly, both Sonny-N-Son's and Cogswell—who is the owner and principal of the company, exerts control over the company, and terminated Caceres—are considered "employers" under the FLSA.

Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1 ½) times the regular rate at which he is employed." For purposes of this section, each plaintiff was an "employee" covered under 29 U.S.C. § 207(a)(1) and defendants were "employer[s]" under *id.* at § 207(a)(2).

Generally, an action under the FLSA must be commenced within two years after the cause of action accrued, except when an employer commits a willful violation of the FLSA, then an action may be commenced within three years after the cause of action. *See* 29 U.S.C. § 255(a). A willful violation may be found where the "employer knew its conduct violated the

FLSA, or showed reckless disregard of such a determination." *See Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 358 (4th Cir. 2011).

Here, defendants were required to compensate plaintiff at the overtime rate of 1 ½ times their regular rate for all hours worked per week in excess of 40, but failed to do so. There are also sufficient allegations that defendants *willfully* violated the FLSA: they did not post or otherwise make visible at their place of business any poster or information notifying employees of the federal overtime compensation requirement, of any enforcement remedies available to employees who are not paid by employers as required by federal law, or that federal law prohibits terminating workers who initiate proceedings under federal law to recover unpaid wages; they did not put a poster regarding wages and workers' rights (which did not include a Spanish language version) in the warehouse until April or May 2018; and they "explicitly and willfully" misinformed plaintiffs that they were not entitled to be paid for overtime hours worked each week in excess of forty hours per week. *See* Compl. (Dkt. No. 1) ¶¶ 14-17.[1]

Accordingly, given that the Court has found that defendants willfully violated Section 207(a)(1) of the FLSA and that the three-year statute of limitations applies, the Court next addresses damages. An employer who violates the FLSA overtime provision is ordinarily "liable to the employees or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *See id.* at § 216(b). An award of liquidated damages is mandatory unless

---

[1] Plaintiffs further seek to toll the three-year statute of limitations because defendants failed to post statutory notice of workers' rights under the FLSA. Pls. Mtn. (Dkt. No. 30) 4. Tolling based on lack of notice continues until the claimant retains an attorney or obtains actual knowledge of her rights. *See Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014). Pursuant to plaintiffs' declarations, they did not become aware of their rights under the FLSA until they had a free consultation with their lawyer "shortly before [they] filed this lawsuit" in November 2018. *See* Ex. 1 (Dkt. No. 30-1) 1-3. Here, the Court finds insufficient information—such as the exact date plaintiffs retained attorneys or obtained actual knowledge of their rights—to evaluate whether the statute of limitations should be tolled.

"the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Id.* at § 260; *see also Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir 1997) (finding that the FLSA "plainly envisions" that liquidated damages "are the norm" for violations of the FLSA). Employers are also liable for attorney's fees and costs. *See* 29 U.S.C. § 216(b) (providing that a court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action").

The FLSA requires employers to keep certain records of hours worked and wages paid. *See* 29 U.S.C. § 211(c). When an employer fails to keep adequate records, the employee enjoys a lenient burden of proof. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* The burden then shifts to the employer to produce evidence of the precise amount of work performed or with evidence to refute the reasonableness of the inference to be drawn from the employee's evidence. *Id.* "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* at 688. Defendants have failed to provide such evidence; accordingly plaintiffs are entitled to a lenient burden for calculating damages.

For Caceres, he is owed overtime premiums at the rate of $240.00 per week (30 hours x $16.00 x .5) for 156 weeks, totaling to $37,440.00. *See* Ex. 1 (Dkt. No. 30-1) 1. Caceres is also owed $1,280.00 in unpaid wages for the last eight days of work. *Id.* In sum, Caceres is entitled to $38,720.00 in unpaid overtime and wages. Caceres is also entitled to liquidated damages, totaling to $77,440.00.

9

For Sanchez, he is owed 60 weeks of unpaid overtime premiums at the rate of $240.00 per week (30 hours x $16.00 x .5), totaling to $14,400.00. *See* Ex. 1 (Dkt. No. 30-1) 3. Sanchez is also entitled to liquidated damages, totaling to $28,800.00.

Plaintiffs are further entitled to recover attorneys' fees and costs. Plaintiffs have included an affidavit from Matthew T. Sutter, which states that the total amount of attorney time spent on this matter was 24.8 hours, totaling to $10,540.00 (at a $425.00 billable rate). *See* Ex. 2 (Dkt. No. 30-2) ¶¶ 1-4. The total costs incurred amount to $530.00, including $400.00 for the filing fee and $130.00 for service of the Complaint and Summons.[2] *Id.* at ¶ 5. The Court finds that $10,540.00 in attorney's fees and $530.00 in costs is reasonable and shall be paid by defendants.

### b. Violation of Va. Code § 65.2-308

Va. Code § 65.2-308 states that an employee may not be discharged in retaliation for filing a workers' compensation claim. In *Jordan v. Clay's Rest Home*, 253 Va. 185 (1997), the court found a violation under § 65.2-308 when the plaintiff presented evidence that she was injured at work, that she had been performing her duties satisfactorily, that her supervisor knew she was "reporting" the injury as work-related, and that she was discharged three days later. *Id.* at 193.

Here, pursuant to Caceres' declaration, on September 20, 2018, he became injured on the job and was subsequently terminated when he told defendants he intended to file a workers' compensation claim arising from his injury because they "did not have workers compensation insurance and would not be paying any of the medical bills associated with this claim." *See* Ex. 1 (Dkt. No. 30-1) 1. Prior to his injury, Caceres did not receive any reports about problems with his job performance and was a "dutiful employee for eleven years, rarely ever missing a day of

---

[2]   In Mr. Sutter's affidavit, he seeks $580 for costs; however, this appears to be a clerical mistake.

work." *See* Compl. (Dkt. No. 1) ¶ 50. Caceres did not find a job until six weeks after his termination, in January 2019. *See* Ex. 1 (Dkt. No. 30-1) 1. Such conduct is a clear violation of Virginia law and such termination results in a backpay award for six weeks (420 hours), part of which is compensable at the overtime rate (180 hours). *Id.* Accordingly his backpay award arising from Caceres' wrongful termination is $6,720.00 (420 hours x $16.00) plus $1,440.00 (180 hours x $16.0 x .5), totaling to $8,160.00.

## VI. CONCLUSION

Accordingly, plaintiff's Supplemental Motion for Re-Entry of Default Judgment (Dkt. No. 30) is GRANTED and it is hereby

ORDERED that defendants shall pay Caceres $85,600.00 for violations under the FLSA and Va. Code § 65.2-308. Defendants shall pay Hernandez $28,800.00 for violations under the FLSA. And, lastly, defendants shall pay plaintiffs' counsel 10,540.00 in attorney's fees and $530.00 in costs. All payments shall be completed within fourteen days of this date of this Order.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

August 19, 2019
Alexandria, Virginia